IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY RHEA,

    Plaintiff,

v.

CHECKSMART FINANCIAL, LLC, BUCKEYE CHECK CASHING OF FLORIDA, LLC, and COMMUNITY CHOICE FINANCIAL, INC.,

    Defendant.
_____/

CASE NO. 2:17-cv-00448-SPC-CM

**DEFENDANT'S MOTION TO STAY PROCEEDINGS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, BUCKEYE CHECK CASHING OF FLORIDA, INC. ("Defendant"), by and through its undersigned counsel, respectfully moves the Court to stay all proceedings in this case. In support of this Motion, Defendant states as follows:

**I. INTRODUCTION**

On July 10, 2015, the Federal Communications Commission (the "FCC") released a Declaratory Ruling and Order (the "Order") that aimed to "clarify[] whether conduct violates the TCPA and [to] detail [] simple guidance intended to assist callers in avoiding violations and consequent litigation." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7964 ¶ 2 (2015). The Order addressed a number of issues, including, among others, the meaning of the term "called party" under the statute. *See generally id.* However, rather than clarifying these issues, the Order introduced significant confusion into the interpretation of each of these elements of the statute and related regulations.

1

Just days after the order was released, it was appealed by a petition to the D.C. Circuit. *ACA International, et al. v. Federal Communications Commission, et al.*, No. 15-1211 (D.C. Cir.). That petition was soon consolidated with appeals filed by Sirius XM Radio, the Professional Association of Customer Engagement, and others. *Id.* The petitioners then filed a joint brief on November 25, 2015 challenging, *inter alia*, the FCC's interpretation of the term "called party" to mean the called phone number's "current subscriber or customary user," rather than the call's expected recipient. *See* Br. of Petitioner at 39, *ACA Int'l v. FCC*, No. 15-1211, ECF No. 1585568. The D.C. Circuit heard oral argument in October 2016 and a decision is anticipated at any time.

Plaintiff seeks relief from Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, claiming she was the recipient of autodialed "wrong-number" calls to her cell phone. Compl. (Doc. 1) ¶¶ 20-23, 27. Specifically, Plaintiff seeks to recover statutory damages of $500.00 to $1,500.00 per call for these alleged statutory violations. Thus, directly at issue in this case is whether Plaintiff is a "called party" as defined by the TCPA and by the FCC. *Id.*, ¶12.

Defendant moves to stay this action pending the outcome of *ACA International*. A trial court has broad discretion to stay all proceedings pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is appropriate here so that the parties and this Court can receive clarity on these issues before further time and expense is needlessly incurred. Once the D.C. Circuit rules upon this issue, either Plaintiff's TCPA claim will be extinguished, or the ruling will dictate the scope of the issues and discovery needed in this case. Accordingly, pursuant to the Court's inherent authority to administer its own docket, Defendant seeks a stay of this case pending the D.C. Circuit's decision on the pivotal question of who constitutes a called party.

## II. ARGUMENT

"A district court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.' " *Tel. Sci. Corp. v. Hilton Grand Vacations Co. LLC*, No. 6:15-cv-969-Orl-41DAB, 2015 WL 7444409, at *2 (M.D. Fla. Nov. 20, 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Likewise, it is within the discretion of the court "to implement a stay of proceedings under its jurisdiction pending resolution of related proceedings elsewhere." *Myron v. Rodriguez*, Case No. 3:06-CV-1051-J-TEM, 2008 WL 516753, at *3 (M.D. Fla. Feb. 22, 2008) (granting stay pending outcome of related proceeding in the Eleventh Circuit).

### A.  The Relevant Factors All Weigh In Favor Of Granting A Stay Here.

In considering a motion for a stay, courts consider whether it is "warranted in the interest of judicial economy, and avoidance of unnecessary discovery and litigation expenses." *Danner Const. Co., Inc. v. Hillsborough Cnty.*, Case No. 8:09-cv-650-T-17TBM, 2009 WL 3055315, at *2 (M.D. Fla. Sept. 24, 2009). Courts often "consider the following non-exhaustive factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question for trial of the case." *CANVS Corp. v. FLIR Sys., Inc.*, No. 2:14-CV-180-FTM-38CM, 2014 WL 6883127, at *2 (M.D. Fla. Dec. 5, 2014) (granting stay pending patent proceedings). Additionally, "the stay may not be 'immoderate,' which requires inquiry into 'the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay.' " *Tel. Sci. Corp.*, 2015 WL 7444409, at *2 (quoting *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)). Here, the requested stay is not immoderate and all three factors favor staying the proceedings.

First, this case is in its infancy. Plaintiff filed her Complaint on August 3, 2017. The fact that this litigation is in its early stages weighs heavily in favor of granting a stay. *See Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344, at *3 (M.D. Fla. Mar. 11, 2013) (granting stay where litigation was "in the incipient stage"). "There is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly ascertained, especially considering that those claims will be the topic of such discovery and motions practice." *Tel. Sci. Corp.*, 2015 WL 7444409, at *3 (granting stay where TCPA case was "relatively young"). The potential burden of proceeding is increased here where a stay could obviate the need for not just some discovery or motions practice, but all discovery and nearly all motions practice. Thus, avoiding time-consuming and expensive discovery militates in favor of a stay.

Second, granting a stay will not prejudice Plaintiff and will avoid significant prejudice to Defendant. The stay that Defendant requests would be of limited and definite duration, with an anticipated decision from the D.C. Circuit in *ACA International* by years end and possibly before. There is no harm to Plaintiff in staying the case for approximately three months, maybe less, while the D.C. Circuit determines if allegations like hers are actionable. Plaintiff does not claim that Defendant continues to call her, and thus, a stay will not cause any material prejudice to Plaintiff. *See Tel. Sci. Corp.*, 2015 WL 2015 WL 7444409, at *3 (finding stay appropriate in TCPA case where "there is no indication that [the plaintiff] will suffer any prejudice for which a legal remedy would not suffice").

By contrast, allowing this case to proceed with the overhang of *ACA International* would result in significant prejudice to Defendant. If the D.C. Circuit overturns any of the relevant FCC's rulings in the Order, then every event that occurs in this case between now and then would be

wasteful and unnecessary. *Duchene*, 2015 WL 5947669, at *3 (granting stay in TCPA case noting "any period of litigation . . . is expensive for the parties involved"). Not only did Plaintiff serve discovery within hours of the parties Rule 26(f) conference, but Plaintiff is also seeking to depose Defendant's corporate representative. Specifically, in the Notice of Taking Deposition, Plaintiff includes ***thirty-two*** separate areas of inquiry. Thus, in lieu of a stay, the Court and the parties would spend substantial time, effort, and resources on a case that could go away completely in a matter of months, thereby causing prejudice to Defendant that easily outweighs any putative prejudice to Plaintiff arising out of a modest delay in these proceedings.

Third, the D.C. Circuit's opinion could greatly simplify and streamline the issues in question. Plaintiff's entire case is premised on receiving "wrong number" calls intended for another who had consented to receive calls from Defendant. Compl. (Doc. 1) ¶¶ 21, 22, 25. The viability of her claims depends in part on the meaning of "called party" and any liability for calls placed to wrong numbers. *In re Rules and Regulations*, 30 FCC Rcd. at 7999-8012. These exact issues are being challenged in *ACA International*. Likewise, in making her allegations, Plaintiff has specifically relied on the definition of an ATDS discussed in the Order, which is currently under review by the D.C. Circuit. *See* Compl. (Doc. 1) ¶ 27. Thus, the outcome of *ACA International* has the potential to be dispositive of Plaintiff's claims, or at a minimum, may provide helpful guidance on several issues. In short, all three factors favor staying the proceedings until the D.C. Circuit rules in *ACA International*.

**B.  Other Federal Courts, Including Courts in This District Have Granted Stays in Precisely the Same Circumstances.**

This Court should also follow the overwhelming trend of other federal courts in this district and elsewhere that have granted identical motions to stay. In just the past year, numerous federal

court decisions have granted stays of TCPA cases based in whole in part on the pending *ACA International* appeal in the D.C. Circuit. *See Mackiewicz v. Nationstar Mortgage, LLC*, Case No.6:15-CV-00465 (M.D. Fla. Nov. 10, 2015) (attached as **Exhibit A**); *Shahin v. Synchrony Financial, et al.*, Case No. 8:15-cv-02941-MSS-EAJ, slip op. (M.D. Fla. April 12, 2016) (attached as **Exhibit B**); *see also Errington v. Time Warner Cable*, 2:15-cv-02196, 2016 WL 2930696 (C.D. Cal. May 18, 2016*)*; *Small v. GE Capital, Inc.*, Case No. 5:15-cv-02479-JGB-DTB, slip op. (E.D. Cal. June 9, 2016); *Chattanond v. Discover Fin. Servs., LLC*, 2016 BL 59996, 3 (C.D. Cal. Feb. 26, 2016); *Abplanalp v. United Collection Bureau, Inc.*, No. 3:15-CV-203-RJC-DCK, 2016 WL 81498, at *2-3 (W.D.N.C. Jan. 7, 2016); *Acton v. Intellectual Capital Mgmt.*, No. 15-CV-4004(JS)(ARL), 2015 U.S. Dist. LEXIS 172149 (E.D. N.Y. Dec. 28, 2015); *Fontes v. Time Warner Cable, Inc.*, Case No. CV14-2060-CAS(CWx) (C.D. Cal. Dec. 17, 2015); *Gensel v. Performant Techs., Inc.*, No. 13-cv-1196, 2015 WL 6158072 (E.D. Wis. Oct. 21, 2015).

### III. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court stay these proceedings until the outcome of the D.C. Circuit's *ACA International* decision.

/s/ E. TYLER SAMSING
Timothy A. Andreu
Florida Bar No. 443778
tandreu@bradley.com
E. Tyler Samsing
Florida Bar No. 28380
tsamsing@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602
Phone: (813) 559-5500 | Fax: (813) 229-5946
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 19, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to all counsel of record.

                              /s/ E. TYLER SAMSING
                              Attorney